**Viacheslav Dmitriyevich NEVROV and Yuri Nevrov, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–70471.

United States Court of Appeals, Ninth Circuit.

Submitted May 11, 2010.

Filed May 17, 2010.

Michael W. Schoenleber, Esq., Jane A. Hanson, Esq., Schoenleber & Waltermire, P.C. Sacramento, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Ila C. Deiss, USSF–Office of the U.S. Attorney, San Francisco, CA, for Respondent.

Before: SILVERMAN, FISHER, and M. SMITH, Circuit Judges.

MEMORANDUM *

Viacheslav Dmitriyevich Nevrov and his son Yuri Nevrov (collectively, the Nevrovs) petition for review of the Board of Immigration Appeals's (BIA) decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Tekle v.*

*Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and we deny the petition for review.

Substantial evidence supports the BIA's conclusion that the Nevrovs' experiences of discrimination and harassment in Latvia do not rise to the level of past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003). In addition, substantial evidence supports the BIA's failure to find a well-founded fear of persecution, as the Nevrovs failed to establish the existence of an individualized risk of persecution or a pattern or practice of persecution against similarly situated individuals. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc). Although the Nevrovs may be stateless, that fact alone does not warrant a grant of asylum. *See Ahmed v. Keisler*, 504 F.3d 1183, 1191 n. 5 (9th Cir.2007). They are still required to demonstrate a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, *see id.*, which they have failed to do in this case.

Because the Nevrovs failed to establish eligibility for asylum, they necessarily fail to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). The Nevrovs did not raise any challenge to the BIA's denial of their CAT claim. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not supported by argument in the opening brief are deemed waived).

**PETITION FOR REVIEW DENIED.**

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Nnanna Prince Will ISU, Defendant—Appellant.**

No. 09–50283.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 2010.

Filed May 18, 2010.

Ellyn Marcus Lindsay, Assistant U.S., Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Esquire, Deputy Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Appeal from the United States District Court for the Central District of California, J. Spencer Letts, Senior District Judge, Presiding. D.C. No. CR 06–314–JSL.

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and LEFKOW,* District Judge.

## MEMORANDUM **

Nnanna Prince Will Isu appeals his sentence of seventy-eight months imprisonment imposed after he pled guilty to one count of mail fraud in violation of 18 U.S.C. § 1341. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition. We affirm.

■ Because Isu objected to the probation office's loss calculation, which was the basis for an upward adjustment in Isu's guidelines calculation, the government bore the burden of proof in establishing the factual predicate for the adjustment. *United States v. Ameline*, 409 F.3d 1073, 1085–86 (9th Cir.2005) (en banc).[1] This

---

* The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Contrary to the parties' position that the district court was to find the loss amount by clear and convincing evidence, a preponderance of the evidence standard applies. Under U.S.S.G. § 2B1.1(b)(1)(G) and (H), Isu's position on the loss calculation would be over $200,000 (a twelve-level increase) instead of

**626**

the government's position of over $400,000 (a fourteen-level increase). A two-level disparity would not result in an "extremely disproportionate effect" on the sentence that would require the application of a clear and convincing standard of proof. *See United States v. Armstead,* 552 F.3d 769, 777–78 & n. 6 (9th Cir.2008).